WILLIAM M. KRIEGER AND KAREN M. KRIEGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krieger v. Commissioner
Docket No. 11366-92
United States Tax Court
T.C. Memo 1993-347; 1993 Tax Ct. Memo LEXIS 351; 66 T.C.M. (CCH) 323; August 9, 1993, Filed *351 Decision will be entered under Rule 155. For petitioners: William M. Krieger. For respondent: Scott Anderson. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: By statutory notice of deficiency dated February 27, 1992, respondent determined with respect to petitioners' 1986 Federal income tax a deficiency in the amount of $ 18,627, and additions to tax in the amounts of $ 3,806 and $ 646 pursuant to sections 6651(a)(1) and 6654, respectively. Following concessions by respondent and petitioners, the issues remaining for decision are whether petitioners are entitled to claim a loss on their 1986 return in excess of $ 26,413 from the operation as a sole proprietorship of an automobile lubrication business, and whether petitioners are liable for additions to tax pursuant to sections 6651(a) and 6654. [1]
*352 All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. Some of the facts have been stipulated and are so found; the stipulations of facts and their accompanying exhibits are incorporated herein by this reference. Background
William M. and Karen M. Krieger (petitioners) are husband and wife, and resided in Virginia at the time the petition in this case was filed. In 1986, William M. Krieger (petitioner or Krieger), an attorney-at-law from 1971 through 1988, converted the building in which his law office was located into a drive-through automobile lubrication business. The lubrication business purportedly operated in corporate form from its inception in March 1986 to early July 1986 (the record is not clear). Krieger then ran the business as a sole proprietorship until around September 1986, and thereafter incorporated it as Car Care, Inc. Petitioners filed their joint income tax return for 1986 on July 7, 1989, claiming a Schedule C loss in the amount of $ 48,722 from the operation of the lubrication business. The notice of deficiency *353 allowed a loss for the operation of this business in the amount of $ 13,162. Respondent has now conceded that petitioners are entitled to report for 1986 a loss of at least $ 26,413. Loss From the Lubrication Business
The primary issue we must resolve is whether petitioners are entitled to report a Schedule C loss attributable to operation of the lubrication business as a sole proprietorship during part of 1986 in excess of the amount now allowed by respondent, namely, $ 26,413. We note initially that no claim is made by either party that the operation of the lubrication business in corporate form during the latter part of 1986 should not be respected. Consequently, petitioners may include on their return only the loss associated with running the lubrication business as a sole proprietorship during the earlier part of 1986. See (a valid corporation is treated as a separate taxable entity). Petitioners assert that respondent erred in determining the amount of loss from their operation of the lubrication business as a sole proprietorship. They claim that the loss from the lubrication *354 business as determined by respondent in the notice of deficiency was understated since it included revenue from the lubrication business during a period in which it was operating as a corporation, namely, from March to July 1986, but did not include the expenses of the business corresponding to the same period of time. This is in the nature of a claim that respondent's determination was arbitrary. In general, we will not look behind a notice of deficiency to examine the evidence respondent relied upon because: a trial before the Tax Court is a proceeding de novo; our determination as to a petitioner's liability must be based on the merits of the case and not any previous record developed at the administrative level. [.
But where a taxpayer establishes that respondent's determination is arbitrary, the burden of going forward with evidence with respect to the issue shifts to respondent. . A determination is not arbitrary where "respondent's actions were reasonable under all the existing facts." *355 . However, even if we were to conclude that respondent's determination was arbitrary, the "burden is always upon a taxpayer to establish his right to claimed deductions." . The taxpayer must be able to point to some particular statute to justify his deduction and establish that he comes within its terms. . At trial, petitioners did not introduce any business records, other than a ledger sheet described below, to substantiate their claim that they suffered a deductible loss in excess of the amount conceded by respondent, arising from the operation of the lubrication business as a sole proprietorship in 1986. The ledger sheet included a summary of the alleged revenue and deductions attributable to the lubrication business from its inception in March 1986 through September 4, 1986. It had three columns -- one column supposedly reflected total revenue and deductions for the lubrication business up to July 2, 1986, another column the revenue and expenses for the period from July 2, 1986, *356 to September 4, 1986, and a third column the total of the previously mentioned columns. They also offered a work paper prepared by respondent's auditor that included figures from the ledger sheet. Both documents were accepted for the limited purpose of showing the basis on which respondent made the adjustments to petitioners' reported loss from the lubrication business for 1986. We believe that petitioners' complaint with regard to respondent's methodology is without merit. We note that although the ledger sheet and work paper do appear to reflect some of the figures that appear in the notice of deficiency regarding petitioners' loss from the lubrication business, they do not in themselves persuasively establish the procedure respondent used to determine petitioners' loss. Even assuming for the moment that these items do adequately reflect the method respondent employed for the determination, we are not persuaded that respondent's method was unreasonable. The record appears to establish the contrary. For purposes of the work paper, respondent appeared to presume that the lubrication business was a sole proprietorship from its inception in March to mid-August 1986. Petitioners' *357 interpretation that respondent allocated all of the income from March to September 1986 but expenses from only July to mid-August 1986 in determining their loss from the lubrication business is not supported by these items. Instead, they appear to bear out the conclusion that respondent reasonably matched the substantiated deductions with revenue from the same period, at least with respect to the period from March to mid-August 1986. Petitioners' best argument, which they do not make, is that respondent's determination was arbitrary since it included revenue from the operation of the lubrication business during the interval from mid-August to September 4, 1986, but not certain substantiated expenses related to the same period. We do not believe the record warrants a holding that respondent's determination was unreasonable on this ground. We cannot say, based upon the scant record, that there may not have been good reasons for including the income. Even if we were to conclude that this possible mismatch of income with expenses constituted an arbitrary determination, this does not undermine the determination for the period from March to mid-August. In this circumstance, respondent *358 would have the burden of going forward with the evidence to show that the income mid-August to September should be included in determining the amount of petitioners' allowable loss from the lubrication business. This burden was satisfied when petitioner testified that the business assumed corporate form in September 1986 and not in mid-August of that year. Furthermore, we note that respondent stipulated that petitioners were entitled to include previously disallowed substantiated expenses presumably attributable to the period from mid-August to September 1986. In short, we are unable to conclude that respondent's methodology was unreasonable even if the record presented a sufficient picture of the method employed, which is not certain. Petitioners, in this case, have the burden of proof to show that the net loss they suffered from the operation of the lubrication business as a sole proprietorship during 1986 exceeded $ 26,413. Rule 142(a). Secondary sources such as summaries of the underlying transactions are in general insufficient to substantiate a business expense or loss. Cf. . Petitioners offered *359 no evidence other than the ledger sheet (even assuming it may be used for this purpose) and petitioner's general testimony as to how unprofitable the lubrication business was during 1986 to substantiate their claim that less income should be attributable to the period during which the business operated as a sole proprietorship. We find this evidence insufficient to establish that petitioners are entitled to a net loss from the lubrication business in excess of $ 26,413. Additions to Tax
The last issue we must address is whether petitioners are liable for additions to tax pursuant to sections 6651(a)(1) and 6654. Respondent determined that petitioners were liable for an addition to tax under section 6651(a)(1) which applies where a taxpayer fails to file an income tax return by its due date, including extensions, unless he shows that such failure is due to reasonable cause and not due to willful neglect. This addition to tax accrues at a rate of 5 percent of the amount required to be shown as tax on such return for each month or fraction thereof that the return is filed late, up to a maximum of 25 percent. Petitioners did not brief this issue. However, petitioner testified *360 that his failure to file was due to his belief that he did not owe any tax, since the lubrication business lost a considerable amount of money in 1986. This does not constitute reasonable cause particularly where petitioner was an attorney, and the return as filed by petitioners in 1989 indicated that their joint Federal tax liability was over $ 3,000. See . Respondent's determination as to this addition to tax is sustained. Respondent also determined that petitioners were liable for an addition to tax pursuant to section 6654 for failure to pay estimated tax. Since petitioners have not addressed this matter on brief, we conclude that they have conceded their liability for this addition to tax. , affd. without published opinion ; , affd. without published opinion . Based on the foregoing, Decision will be entered under Rule 155. Footnotes
1. Although respondent, in deriving the deficiency, made numerous determinations besides petitioners' allowable loss from their lubrication business, including that petitioners were liable for self-employment tax and for tax on a distribution from petitioner wife's individual retirement account including penalty thereon under sec. 408(f), petitioners failed to raise these matters in their petition or amended petition and are deemed to have conceded them. Rule 34(b)(4).↩